**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MARK CARLOS MANN,

        Petitioner,

v.                                                                     Case No. 3:11-cv-962-J-32MCR

SEC'Y, FLA. DEP'T OF CORR., et al.,

        Respondents.

_____

**<u>ORDER</u>**

Petitioner initiated this action by filing a pro se Petition (Doc. #1) for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 22, 2011.[1] Petitioner challenges a February 2, 1999 state court (Duval County) judgment of conviction for first degree murder, for which he is serving a life sentence. Petitioner raises one ground, alleging that he has been denied due process of law based on newly discovered evidence. Specifically, Petitioner asserts that on March 3, 2009, he received an affidavit from his brother, Mario Mann. In this affidavit, Mario Mann states that he initially told investigators the Petitioner shot the victim in self-defense; however, after being pressured and coerced by investigators, he changed his testimony and said that Petitioner intentionally killed the victim. Petitioner contends that he would not have pled guilty if this evidence had been available.

---

[1] Giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date he handed it to prison authorities for mailing to this Court (September 22, 2011). See Houston v. Lack, 487 U.S. 266, 276 (1988).

Respondents contend, and this Court agrees, that the Petition must be dismissed as untimely. See Motion to Dismiss and Answer in Response to Order to Show Cause (Doc. #12) (Response). The Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner's judgment of conviction was entered on February 2, 1999. Ex.[2] A at 46-50. On March 15, 1999, he filed an unsigned and untimely notice of appeal. Id. at 59.[3] The appeal was dismissed on March 21, 2000, for Petitioner's failure to respond to a February 8, 2000 order. Ex. C. Because his untimely appeal was dismissed, his conviction became final thirty days after the entry of his February 2, 1999 judgment of conviction, on March 4, 1999. See Fla. R. App. P. 9.140(b)(3); Gust v. State, 535 So.2d 642, 643 (Fla. 1st DCA 1988) (holding that, when a defendant does not file a direct appeal, the conviction becomes final when the thirty-day period for filing a direct appeal expires). Therefore, Petitioner's one-year limitation period began to run on March 5, 1999, and expired one year later on March 5, 2000, because he had no actions pending in state court that would serve to toll the limitation period. See 28 U.S.C. § 2244(d)(1)(A), (d)(2); Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (noting that "the limitations period expires on the anniversary of the date it began to run").

On February 22, 2001, 721 days after his conviction became final, Petitioner handed a motion for post-conviction relief to prison authorities for mailing to the trial court. See Ex. D at 1-1-7. Even assuming that the motion was properly filed, it did not toll the federal one-year limitation period because it had already expired. See Tinker v. Moore, 255 F.3d 1331, 1334-35 (11th Cir. 2001) (holding that, even though Florida law allows a prisoner two years

---

[2] The Court refers to each exhibit submitted in support of the Response as "Ex."

[3] Although the notice of appeal was filed in the trial court on March 17, 1999, the First District Court of Appeal's online docket reflects that it was filed on March 15, 1999. See www.1DCA.org, On-Line Dockets, Case No. 1D99-955.

to file a Rule 3.850 motion, the prisoner must file the motion within one year after his conviction becomes final in order to toll the one-year limitation period); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (per curiam) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Thus, this action was not timely filed.

Petitioner contends that the one-year limitation period commenced on March 3, 2009, the day he received his brother's affidavit, because that is the date on which Petitioner discovered the factual predicate for his claim. Petitioner made a similar argument when he raised his claim in state court in a successive motion for post-conviction relief, filed March 9, 2009. The trial court rejected it, finding in pertinent part the following:

> In his present motion, the defendant contends that the two (2) year period afforded by Rule 3.850, Florida Rules of Criminal Procedure, does not apply as his motion is based on newly discovered evidence. According to the motion, the defendant's brother originally told investigating officers that the defendant had admitted intentionally killing the victim. The motion relates that the brother now says that defendant told him that he killed in self-defense. The original of the brother's affidavit was attached to the defendant's motion.[4] Interestingly enough, in his present motion, the defendant admits that he knew that his brother was lying. Accordingly, this is not newly discovered evidence. This Court also notes that even if the defendant had told the brother that he had shot in self-defense,

---

[4] In the statement, Mario Mann actually says that he initially told the police officers that Petitioner said he killed the victim in self-defense; however, after being coerced by the officers, Mario Mann lied, and told them the Petitioner said that he had intentionally shot the victim. See Ex. I at 7-8.

4

> that statement, testified to by the brother, would be inadmissible hearsay and a self-serving declaration if offered by the defendant.
>
> Most importantly, the defendant's current claim is clearly negated by the extensive plea dialogue[5] into which he entered with the presiding judge, the Honorable Peter Fryefield. The plea dialogue leaves no doubt but that the defendant had been fully informed by counsel of all of his options and that it was to his advantage to plead guilty[6] instead of being convicted by the jury.
>
> Upon all the forgoing, the Court concludes that the defendant's motion is untimely, that it does not include newly discovered evidence, and that the record in this cause clearly negates the claim.

Ex. I at 9-10. Upon Petitioner's appeal, the First District Court of Appeal summarily affirmed the trial court's order. Ex. J.

The trial court's findings regarding the alleged newly discovered evidence are persuasive in this Court's analysis. Under 28 U.S.C. § 2244(d)(1)(D), the federal one-year limitation period may begin on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." As noted by the trial court, Petitioner admits that he knew his brother lied to the police. Petitioner does not state why he could not obtain, through the exercise of due diligence, an affidavit from his

---

[5] See Ex. B.

[6] Petitioner pled guilty to one count of first degree murder and accepted a life sentence in exchange for the State's agreement not to seek the death penalty and to enter a nolle prosequi with respect to other pending charges and any other potential charges. See Ex. A at 43-45; Ex. B.

5

brother until over ten years after Petitioner was convicted.  Thus, the Court finds that Petitioner may not avail himself of the limitation period under 28 U.S.C. § 2244(d)(1)(D).

To the extent Petitioner may be claiming that the Court should reach the merits of his claim because he is actually innocent, such a claim is also unavailing.  The United States Supreme Court has held that, "[t]o invoke the miscarriage of justice exception to AEDPA's statute of limitations," a petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence [which was not presented at trial]."  McQuiggin v. Perkins, 133 S.Ct. 1924, 1935 (2013) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)).  Here, Petitioner has not identified any new evidence that would meet this burden.  As noted by the trial court, his brother's statement would be inadmissable hearsay.

In sum, Petitioner has not shown any justifiable reason why the dictates of the one-year limitation period should not be imposed upon him.  Accordingly, this case is due to be dismissed with prejudice as untimely pursuant to 28 U.S.C. § 2244(d).  However, even assuming Petitioner could overcome the time bar, he would not be entitled to relief.

As noted by Respondents, this claim is procedurally barred because it was raised in Petitioner's second 3.850 motion, and in addition to addressing the claim on the merits, the trial court found that the motion was barred as untimely.  The appellate court affirmed the trial court's order, and this Court should presume the appellate court upheld the procedural bar.  See Response at 15-16.

Even assuming the claim is timely and not procedurally barred, the trial court's alternate merits ruling is entitled to deference under AEDPA[7] because its adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Accordingly, for all of the above-stated reasons, Petitioner is not entitled to relief.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.  The Petition (Doc. #1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2.  The **Clerk** shall enter judgment denying the Petition and dismissing this case with prejudice.

---

[7] Under AEDPA, when a state court has adjudicated the petitioner's claim on the merits, a federal court may not grant habeas relief unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. § 2254(d)(2). A state court's factual findings are presumed correct unless rebutted by clear and convincing evidence. Id. § 2254(e)(1); Ferrell v. Hall, 640 F.3d 1199, 1223 (11th Cir. 2011).

Bishop v. Warden, GDCP, 726 F.3d 1243, 1253 (11th Cir. 2013).

3. If Petitioner appeals this Order, the Court denies a certificate of appealability.[8] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The **Clerk** shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida this 25th day of July, 2014.

TIMOTHY J. CORRIGAN
United States District Judge

ps 7/22
c:
Mark Carlos Mann
Counsel of Record

---

[8] This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, this Court will deny a certificate of appealability.